■    In the Matter of the Claim of ANNA WASKEWICZ, Respondent, against SAM DIAMOND et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from a decision and award of the Workmen's Compensation Board for death benefits. The issue is whether the employee's death, caused by myocardial infarction, following coronary sclerosis and stenosis, was the result of an industrial accident. Decedent was employed as superintendent of a thirty-family apartment house. A tenant saw him at work on the premises between two-thirty and three o'clock on the afternoon of

his death and upon returning shortly before five o'clock saw him lying motionless (other evidence indicating that he was then dead) some six feet from the boiler room. There is no direct evidence as to his activities during the intervening period. Decedent's widow and his son testified as to certain duties which he customarily performed each day. From their testimony it could be found that decedent customarily carried coal to the boiler room and removed ashes from it, commencing at about three o'clock each afternoon, and at about that time stoked the fire and removed ashes from the furnace. That work of this nature was customarily performed daily during the heating season and at about the same hour appears most probable, if not in fact necessary. The coal was moved in wheelbarrow loads of some 200 pounds each, over a distance of some thirty-five feet. Some six to eight barrels of ashes were rolled up an incline about twelve feet to another room. Decedent had no helper. His widow testified also that after being absent most of the day, she returned home at about six o'clock, at which time her husband's body had not been removed from the basement, and that the ashes had then been cleared away and the furnace had coal in it. The board was entitled to find upon this circumstantial evidence that at or immediately prior to the time of his death, decedent was engaged in the arduous labor of shoveling coal and ashes and transporting heavy loads of each. The carrier's physician testified that the infarction was recent, " a question of hours, maybe days ". There was other medical testimony " that the point had been reached in the arteriosclerosis where the work was excessive for him ". The other medical evidence adduced was substantial as to causal relationship. The board was justified in finding that a causal relationship existed between the strain and exertion of decedent's labor and his death and that there thus occurred an industrial accident for which an award was properly made. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.